UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-10090-NG |
| | ) | |
| 1. CHARLES A. MANGHIS, | ) | |
| Defendant. | ) | |

## **(REVISED PROPOSED) PRELIMINARY ORDER OF FORFEITURE**

**GERTNER, D.J.**

WHEREAS, on April 23, 2008, a federal grand jury sitting in the District of Massachusetts returned an eleven-count Indictment charging defendant Charles A. Manghis (the "Defendant"), and another, with conspiracy, in violation of 18 U.S.C. § 371 (Count One), smuggling, in violation of 18 U.S.C. §§ 545 and 2 (Counts Two through Eight), and making false statements, in violation of 18 U.S.C. § 1001 (Counts Nine through Eleven);

WHEREAS, the Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982, which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of any offenses alleged in Counts One through Eight of the Indictment, of any property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such violation. Such property specifically included, without limitation, all sperm whale teeth, including parts and products thereof, and all elephant ivory, including parts and products thereof.

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially

diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 18 U.S.C. 982(a)(2)(B);

WHEREAS, on January 28, 2010, after a four-day jury trial, a jury found the Defendant guilty on Counts One through Seven, Count Nine and Count Ten of the Indictment;

WHEREAS, the evidence at trial included the following pieces of whale teeth and elephant ivory in violation of 18 U.S.C. § 545:

    a. Whale tooth, ship, dated 1962 (Ex. 7A);

    b. Whale tooth penguin (Ex. 7B);

    c. Three ivory gloves (Ex's18A, B, & C);

    d. Whale tooth with plug (Ex. 19);

    e. Group of 18 teeth (box) (Ex. 20)[1];

    f. Whale teeth shavings and chips (Ex. 21);

    g. Bottom cut of whale tooth (Ex. 22);

    h. Two ivory billiard balls (Ex's. 23A & B);

    i. Whale tooth with penguins and whales (Ex. 24);

    j. Whale tooth with plug (Exhibit 25);

    k. 14 round balls, ivory and 2 small chips (Ex. 26);

    l. Group of 36 whale teeth including whale tooth with shark and swordfish, whale tooth with Cyrillic writing and whale tooth with Russian ship dated

---

[1] The original Motion for Preliminary Order of Forfeiture and proposed Order of Forfeiture filed in this Court by the United States on July 21, 2011 identified this asset as a group of 19 teeth. One tooth is being returned to the Defendant and the United States is seeking the forfeiture of the remaining 18 teeth.

      1964 Essex (Ex's. 27 A, B, C, & D); and

  m.  Four whale teeth with plugs 0 (Ex. 28),

(collectively, the "Properties");

  WHEREAS, based on the evidence and testimony presented at trial and the Defendant's conviction, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant was convicted. Accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C. § 982; and

  WHEREAS, pursuant to 18 U.S.C. § 982 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

  ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

  1.  The Court finds, based upon the Defendant's convictions, that the government has established the requisite nexus between the Properties and the offenses to which the Defendant has been found guilty.

  2.  Accordingly, all of the Defendant's interests in the Properties are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C. § 982.

  3.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain them in its secure custody and control.

  4.  Pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the

Properties.

5.     Pursuant to 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

6.     Pursuant to 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

7.     Pursuant to 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2), for the filing of such petitions, the United States of America shall have clear title to the Properties.

8.     Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. § 982 and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

9.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this

Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

<pre>
                                    /s/ Nancy Gertner
                                    _____
                                    NANCY GERTNER
                                    United States District Judge
</pre>

Dated: 8/23/11